FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

SEP 10 2024

MITCHELL R. ELFERS
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>**ZACHARY BABITZ**, and )<br>**JESSIE DOMINGUEZ**, )<br>)<br>Defendants. ) | CRIMINAL NO. 24-1284 DHU<br><br>Counts 1 and 4: 18 U.S.C. § 1951: Interference with Commerce by Robbery;<br><br>Count 2: 18 U.S.C. § 924(c)(1)(A)(i): Using and Carrying a Firearm During and in Relation to a Crime of Violence, and Possessing a Firearm in Furtherance of Such Crime;<br><br>Count 3: 18 U.S.C. § 2113(a): Bank Robbery;<br><br>Count 5: 18 U.S.C. § 924(c)(1)(A)(ii): Using, Carrying and Brandishing a Firearm During and in Relation to a Crime of Violence, and Possessing and Brandishing a Firearm in Furtherance of Such Crime;<br><br>Count 6: 18 U.S.C. § 2119(3): Carjacking Resulting in Death;<br><br>Count 7: 18 U.S.C. §§ 924(c)(1)(A)(iii) and (j)(1): Using and Carrying a Firearm During and in Relation to a Crime of Violence, and Possessing a Firearm in Furtherance of Such Crime; Discharging Said Firearm; and Causing Death Through Use and Possession of a Firearm;<br><br>Count 8: 18 U.S.C. § 2119(1): Carjacking;<br><br>Count 9: 18 U.S.C. § 1951: Interference with Commerce by Robbery; 18 U.S.C. § 2: Aiding and Abetting; |

)   Counts 10 and 12: 18 U.S.C.
)   § 924(c)(1)(A)(ii): Using, Carrying, and
)   Brandishing a Firearm During and in
)   Relation to a Crime of Violence, and
)   Possessing and Brandishing a Firearm in
)   Furtherance of Such Crime; 18 U.S.C. § 2:
)   Aiding and Abetting;
)
)   Count 11: 18 U.S.C. § 2119(1):
)   Carjacking; 18 U.S.C. § 2: Aiding and
)   Abetting;
)
)   Count 13: 18 U.S.C. §§ 922(g)(1) and 924:
)   Felon in Possession of a Firearm.

# INDICTMENT

The Grand Jury charges:

## Count 1

On or about July 30, 2024, in Bernalillo County, in the District of New Mexico, the defendant, **ZACHARY BABITZ**, unlawfully obstructed, delayed, and affected commerce, and the movement of articles and commodities in such commerce, by robbery, in that the defendant unlawfully took and obtained personal property consisting of U.S. currency, from the person and in the presence of John Doe 1, then employed by AutoZone, against John Doe 1's will by means of actual and threatened force, violence, and fear of injury, that is, the defendant threatened John Doe 1 with a firearm.

In violation of 18 U.S.C. § 1951.

## Count 2

On or about July 30, 2024, in Bernalillo County, in the District of New Mexico, the defendant, **ZACHARY BABITZ**, knowingly used and carried a firearm, during and in relation to a crime of violence for which the defendant may be prosecuted in a court of the United States,

2

specifically, interference with commerce by robbery as charged in Count 1 of this indictment, and in furtherance of such crime, possessed said firearm.

In violation of 18 U.S.C. § 924(c)(1)(A)(i).

Count 3

On or about July 31, 2024, in Bernalillo County, in the District of New Mexico, the defendant, **ZACHARY BABITZ**, by force, violence, and intimidation, did take from the person and presence of another a sum of U.S. currency belonging to and in the care, custody, control, management and possession of Wells Fargo, the deposits of which were then insured by the Federal Deposit Insurance Corporation.

In violation of 18 U.S.C. § 2113(a).

Count 4

On or about August 3, 2024, in Bernalillo County, in the District of New Mexico, the defendant, **ZACHARY BABITZ**, unlawfully obstructed, delayed, and affected commerce, and the movement of articles and commodities in such commerce, by robbery, in that the defendant unlawfully took and obtained personal property consisting of U.S. currency, from the person and in the presence of John Doe 2, then employed by Jersey Mike's, against John Doe 2's will by means of actual and threatened force, violence, and fear of injury, that is, the defendant threatened John Doe 2 with a firearm.

In violation of 18 U.S.C. § 1951.

Count 5

On or about August 3, 2024, in Bernalillo County, in the District of New Mexico, the defendant, **ZACHARY BABITZ**, knowingly used, carried, and brandished a firearm, during and in relation to a crime of violence for which the defendant may be prosecuted in a court of the

United States, specifically, interference with commerce by robbery as charged in Count 4 of this indictment, and in furtherance of such crime, possessed and brandished said firearm.

In violation of 18 U.S.C. §§ 924(c)(1)(A)(ii).

## Count 6

On or about August 6, 2024, in Santa Fe County, in the District of New Mexico, the defendant, **ZACHARY BABITZ**, with the intent to cause death and serious bodily harm, took a motor vehicle, that is, a Jeep Cherokee, that had been transported, shipped and received in interstate and foreign commerce, from the person and presence of John Doe 3, by force and violence, and by intimidation, resulting in the death of John Doe 3.

In violation of 18 U.S.C. § 2119(3).

## Count 7

On or about August 6, 2024, in Santa Fe County, in the District of New Mexico, the defendant, **ZACHARY BABITZ**, knowingly used and carried a firearm, during and in relation to a crime of violence for which the defendant may be prosecuted in a court of the United States, specifically, carjacking resulting in death as charged in Count 6 of this indictment, and possessed said firearm in furtherance of such crime, and the firearm was discharged, and in the course of said offense caused the death of John Doe 3 through the use of the firearm, and the killing constituted murder as defined in 18 U.S.C. § 1111.

In violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and (j)(1).

## Count 8

On or about August 9, 2024, in Bernalillo County, in the District of New Mexico, the defendant, **ZACHARY BABITZ**, with the intent to cause death and serious bodily harm, took a motor vehicle, that is, a red Acura MDX, that had been transported, shipped and received in

interstate commerce, from the person and presence of Jane Doe 1, by force and violence, and by intimidation.

In violation of 18 U.S.C. § 2119.

### Count 9

On or about August 10, 2024, in Doña Ana County, in the District of New Mexico, the defendants, **ZACHARY BABITZ** and **JESSIE DOMINGUEZ**, unlawfully obstructed, delayed, and affected commerce, and the movement of articles and commodities in such commerce, by robbery, in that the defendants unlawfully took and obtained personal property consisting of U.S. currency, from the person and in the presence of John Doe 4, then employed by Arby's, against John Doe 4's will by means of actual and threatened force, violence, and fear of injury, that is, the defendants threatened John Doe 4 with a firearm.

In violation of 18 U.S.C. §§ 1951 and 2.

### Count 10

On or about August 10, 2024, in Doña Ana County, in the District of New Mexico, the defendants, **ZACHARY BABITZ** and **JESSIE DOMINGUEZ**, knowingly used, carried, and brandished a firearm, during and in relation to a crime of violence for which the defendant may be prosecuted in a court of the United States, specifically, interference with commerce by robbery as charged in Count 9 of this indictment, and in furtherance of such crime, possessed and brandished said firearm.

In violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2.

### Count 11

On or about August 10, 2024, in Dona Ana County, in the District of New Mexico, the defendants, **ZACHARY BABITZ** and **JESSIE DOMINGUEZ**, with the intent to cause death

and serious bodily harm, took a motor vehicle, that is, a silver Chevy Malibu, that had been transported, shipped and received in interstate commerce, from the person and presence of Jane Doe 2, by force and violence, and by intimidation.

In violation of 18 U.S.C. §§ 2119 and 2.

## Count 12

On or about August 10, 2024, in Doña Ana County, in the District of New Mexico, the defendants, **ZACHARY BABITZ** and **JESSIE DOMINGUEZ**, knowingly used, carried, and brandished a firearm, during and in relation to a crime of violence for which the defendant may be prosecuted in a court of the United States, specifically, carjacking as charged in Count 11 of this indictment, and in furtherance of such crime, possessed and brandished said firearm.

In violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2.

## Count 13

From on or about July 30, 2024 to on or about August 10, 2024, in Doña Ana County, in the District of New Mexico, the defendant, **ZACHARY BABITZ**, knowing that he had been convicted of at least one crime punishable by imprisonment for a term exceeding one year, on dates separate and apart, specifically:

(1) robbery (six counts)

(2) receiving or transferring a stolen motor vehicle

(3) possession of a deadly weapon by prisoner,

(4) attempted robbery with use of a deadly weapon, and

(5) discharging a firearm out of a motor vehicle,

knowingly possessed a firearm, that is, a a Canik, model TP9 Elite 9mm caliber pistol bearing serial number 20BH05624, in and affecting commerce.

In violation of 18 U.S.C. §§ 922(g)(1) and 924.

## SENTENCING ALLEGATION

Before the defendant, **ZACHARY BABITZ**, committed the offense charged in Count 13 of the indictment, the defendant had at least three previous convictions for offenses qualifying under 18 U.S.C. § 924(e)(2) that were committed on occasions different from one another.

## FORFEITURE ALLEGATION

Upon conviction of any offense in violation of 18 U.S.C. §§ 922(g) and 924(c), the defendants, **ZACHARY BABITZ** and **JESSIE DOMINGUEZ**, shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms involved in the commission of the offense, including, but not limited to, a Canik, model TP9 Elite 9mm caliber pistol bearing serial number 20BH05624.

## MONEY JUDGEMENT

A sum of money representing property involved in the offenses set forth in Counts 1, 4, and 9, and any property traceable to such property.

If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

NOTICE OF SPECIAL FINDINGS

The Grand Jury repeats and realleges the accusations in Counts 6 and 7 of the Indictment. With respect to Counts 6 and 7, the Grand Jury makes the following special findings that the defendant, **ZACHARY BABITZ**:

a. was 18 years of age or older at the time of the offenses charged in Counts 6 and 7 (18 U.S.C. § 3591(a));

b. intentionally killed John Doe 3 (18 U.S.C. § 3591(a)(2)(A));

c. intentionally inflicted serious bodily injury that resulted in the death of John Doe 3 (18 U.S.C. § 3591(a)(2)(B));

d. intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and that John Doe 3 died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C));

e. intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and John Doe 3 died as a direct result of the act (18 U.S.C. § 3591(a)(2)(D));

f. caused the death, and injury resulting in death, during the commission, attempted commission, and immediate flight from the commission of an offense under 18 U.S.C. § 2119 (18 U.S.C. § 3592(c)(1));

g. has previously been convicted of a violent felony involving a firearm which is punishable by a term of imprisonment of more than one year (18 U.S.C. § 3592(c)(2));

h.  in the commission of the offense, or in escaping apprehension for the violation of the offense, knowingly created a grave risk of death to one or more persons in addition to John Doe 3 (18 U.S.C. § 3592(c)(5));

i.  committed the offense as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value (18 U.S.C. § 3592(c)(8)); and

j.  John Doe 3 was particularly vulnerable due to old age (18 U.S.C. § 3592(c)(11)).

A TRUE BILL

/S/
FOREPERSON OF THE GRAND JURY

Assistant United States Attorney